COPY

FILED 2019 OCT 30 PM 3:49
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES
BY: ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. SACR19 183 JAK |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [21 U.S.C. §§ 331(c), 333(a)(1), 351(a)(2)(A): Receipt of an Adulterated Medical Device in Interstate Commerce and Proffered Delivery Thereof for Pay; 21 U.S.C. §§ 331(k), 333(a)(1), 352(f)(1): Misbranding of a Medical Device While Held for Sale After Shipment in Interstate Commerce] |
| CONNIE HOIYON YOO, dba "Be Dazzled," | |
| Defendant. | |
| | [CLASS A MISDEMEANOR] |

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. The Food and Drug Administration ("FDA") was the agency of the United States responsible for enforcing the provisions of the Food, Drug and Cosmetic Act ("FD&C Act"). Among the purposes of the FD&C Act was to ensure that medical devices sold for administration to humans, or for other use by or on humans, provided reasonable assurances of safety and effectiveness, and bore labeling containing

AMB:JOJ

only true and accurate information.

2. Under 21 U.S.C. § 360j(n)(1), all contact lenses were devices subject to regulation under the FD&C Act.

3. Under 21 U.S.C. § 331(k), it was unlawful to do any act with respect to a device, while the device was held for sale after shipment in interstate commerce, which resulted in the device being misbranded.

4. Under 21 U.S.C. § 321(b), "interstate commerce" was defined as commerce between any State in the United States and any place outside thereof.

5. Under 21 U.S.C. § 379a, the connection with "interstate commerce" required for jurisdiction was presumed to exist in any action to enforce the requirements of the FD&C Act.

6. Under 21 U.S.C. § 351(a)(2)(A), a device was adulterated if it had been prepared, packed, or held under insanitary conditions whereby it may have been contaminated with filth, or whereby it may have been rendered injurious to human health.

7. Under 21 U.S.C. § 352(f), a device was misbranded if it was not labeled with adequate directions for use.

8. Under 21 C.F.R. § 801.109, adequate directions for use could not be prepared for a device which, because of any potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, was not safe except under the supervision of a practitioner licensed by law to direct the use of such device. Accordingly, such a device could only be sold to or on the prescription of a practitioner licensed to order use of the device.

9. Because of their potentiality for harmful effect, adequate directions for use for contact lenses could not be prepared, and contact lenses could only be sold to or on the prescription of a practitioner licensed by law to direct their use. Contact lenses that fit the eye poorly could cause eye damage, including scratches on the cornea, corneal infection, conjunctivitis, decreased vision, and blindness.

10. Under California law, a California resident retailer could only sell and/or dispense contact lenses if the retailer was a licensed physician or surgeon, licensed optometrist, registered dispensing optician, or a pharmacist. See Cal. Bus. & Prof. Code §§ 2543 and 424(f).

11. These Introductory Allegations are incorporated into each count of this Information.

## COUNT ONE

[21 U.S.C. §§ 331(c), 333(a)(1), 351(a)(2)(A)]

Between on or about September 28, 2017, and on or about October 17, 2017, in Orange County, within the Central District of California, and elsewhere, defendant CONNIE HOIYON YOO, doing business as "Be Dazzled," received in interstate commerce a prescription medical device, namely, one pair of cosmetic contact lenses, while such device was adulterated within the meaning of Title 21, United States Code, Section 351(a)(2)(A), in that it had been prepared, packed, or held under insanitary conditions whereby it may have been contaminated with filth, or whereby it may have been rendered injurious to human health, and proffered the delivery of said medical device for pay, by offering for sale said adulterated device to customers for use as decorative contact lenses for the human eye in exchange for payments of money.

## COUNT TWO

[21 U.S.C. §§ 331(k), 333(a)(1), 352(f)(1)]

On or about October 4, 2017, in Orange County, within the Central District of California, and elsewhere, defendant CONNIE HOIYON YOO, doing business as "Be Dazzled," held for sale after shipment in interstate commerce, and sold, a prescription medical device, namely, one pair of cosmetic contact lenses, without a prescription, thereby causing the device to be misbranded while held for sale after shipment in interstate commerce.

NICOLA T. HANNA
United States Attorney

*Scott M. Garringer*
Deputy Chief, Criminal Division For:

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental and Community
Safety Crimes Section

MARK A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Environmental and
Community Safety Crimes Section

AMANDA M. BETTINELLI
Assistant United States Attorney
Environmental and Community Safety
Crimes Section